**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4612**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

LUIS SOTO QUINTERO, a/k/a Siete,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema,
District Judge.  (1:10-cr-00009-LMB-1)

_____

Submitted:  January 10, 2011      Decided:  February 4, 2011

_____

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Frank Salvato, Alexandria, Virginia, for Appellant.  Neil H.
MacBride, United States Attorney, Elizabeth A. Gerlach, Special
Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Soto Quintero appeals his conviction and 192 month sentence for one count of conspiracy to distribute five kilograms or more of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). He argues that the district court erred in calculating his advisory Guidelines range by assessing a four-level enhancement to his offense level for a leadership role in the conspiracy, and he argues that the court imposed a substantively unreasonable sentence. For the reasons that follow, we affirm.

We review Quintero's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to "ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (internal quotation marks, citations and alterations omitted), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51.

I. Leadership Role

Quintero first claims that the district court erred in assessing a four-level enhancement for being a leader of the

2

conspiracy. He argues that, at the very least, the district court's factual findings were insufficient to justify the imposition of a leadership enhancement. We do not agree.

In conducting a review for reasonableness, we review "legal questions, including the interpretation of the guidelines, de novo, while factual findings are reviewed for clear error." United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). In particular, we "review a district court's decision to apply a sentencing adjustment based on the defendant's role in the offense for clear error." United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).

Under USSG § 3B1.1(a), an offense level is enhanced four levels if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Factors distinguishing a leadership role from that of a mere participant or a manager include

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S. Sentencing Guidelines Manual § 3B1.1, cmt. n.4 (2009).

We note that Quintero does not make any argument why the leadership enhancement should not apply in light of the allegations that he provided cell phones to his accomplices to

help avoid detection, that he directed the activities of his co-conspirators, and that he supplied cocaine to numerous customers. After reviewing the record, we conclude that the district court did not err in applying the USSG § 3B1.1 enhancement.

## II. Substantive Reasonableness

Quintero next argues that the court erred by imposing a sentence that was substantively unreasonable. He claims that the court gave insufficient consideration to mitigating factors and his 192 month sentence is "unreasonable under the circumstances."

Even if the sentence is procedurally reasonable, this court must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2006)]." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This court presumes on appeal that a sentence within a properly calculated Guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We have reviewed the record and conclude that the district court considered and did not abuse its discretion in

4

rejecting Quintero's request for a downward variance. The court considered the § 3553(a) sentencing factors and imposed a sentence consistent with those factors. Accordingly, we conclude that Quintero has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED